UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELYN BAKER,

    Plaintiff,

v.

                                            CASE NO.:

MASSEY SERVICES, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JACQUELYN BAKER (f/k/a Jacquelyn Turnage), by and through undersigned counsel, brings this action against Defendant, MASSEY SERVICES, INC., and in support of her claims states as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime hours and for retaliating against Plaintiff because she complained about illegal pay practices, violating Section 29 U.S.C. § 215(a)(3) of the FLSA, in addition to an action for breach of contract and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq., and supplemental jurisdiction under 28 U.S.C. § 1367 over

the breach of contract claim and Florida common law unpaid wages claim because the claims are so related to the FLSA claim that they form part of the same case and controversy under Article III of the United States Constitution.

3. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

4. Plaintiff is a resident of Volusia County, Florida.

5. Defendant is a Florida corporation and operates a pest control and lawn care company throughout the South and Southeast states, including in this judicial district, Volusia County, Florida, which is where Plaintiff worked for Defendant.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all relevant times, Defendant is and was an "enterprise" within the meaning the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce (including, accepting payment from its customers through the use of credit cards and checks from banks located outside the state of Florida and by purchasing chemicals, materials, tools, and other items manufactured across states lines for the purpose of providing pest control and lawn care services); and (ii) the annual gross sales volume of Defendant exceeded $500,000 per year.

10. At all relevant times, Plaintiff was "engaged in commerce" within the meaning of Section 6 and 7 of the FLSA and was thus subject to the individual coverage of the FLSA.

11. As part of her regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce, including extensive transaction of business with customers located outside of Florida.

12. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provisions under 29 U.S.C. § 213.

15. Thus, Plaintiff was a "non-exempt employee" who is covered by the FLSA.

16. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

17. Plaintiff began her employment with Defendant as a Commercial Account Manager on May 22, 2023, and she worked in this capacity until May 15, 2024.

### *FLSA Overtime Violation*

18. Beginning in September 2023, Plaintiff primarily made sales through the telephone and the internet.

19. Plaintiff was not customarily and regularly engaged away from Defendant's place of business.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

21. Plaintiff estimates that she worked approximately 70 hours per work week for Defendant.

22. Defendant failed to pay Plaintiff an overtime premium for all her overtime hours, in violation of the FLSA.

23. In exchange for Plaintiff's services, Defendant paid Plaintiff a salary, semi-monthly, of $1,660.50, plus additional payments such as commissions and bonuses.

24. For each hour that Plaintiff worked in excess of forty (40) hours per week, Defendant was required to compensate Plaintiff at a rate equal to one and one-half times (1.5) her regular hourly rate.

25. Instead, Defendant paid Plaintiff the same salary, semi-monthly, regardless of the number of hours worked by Plaintiff for Defendant in a given week, and failed to pay an overtime premium on top of Plaintiff's salary and any other payments that would factor into an overtime premium.

26. Defendant failed to keep complete and accurate records of Plaintiff's regularly hourly pay, hours worked each workday and each workweek, total daily and weekly straight time earnings, or total premium pay for overtime, in violation of 29 U.S.C. § 211; *see also* 29 C.F.R. § 516.

27. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

*Unpaid Wages*

28.     On or about May 22, 2023, at the start of Plaintiff's employment with Defendant, Plaintiff and Defendant entered into a contractual agreement, drafted by Defendant, outlining Plaintiff's compensation in exchange for her services.

29.     The contract is titled "Account Manager Sales Compensation Plan" ("Sales Compensation Plan"). Plaintiff is not in possession of her Sales Compensation Plan; Defendant is in possession of it.

30.     Attached as **Exhibit A** is a copy of a fellow Commercial Account Manager of Defendant's sales compensation plan, which on information and belief is identical to Plaintiff's Sales Compensation Plan, including outlining the same compensation and commission structure as Plaintiff's Sales Compensation Plan.

31.     Pursuant to Plaintiff's Sales Compensation Plan, in exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a monthly salary of $3,333.00 (which Defendant paid semi-monthly) plus the following commissions:

> Account Managers will earn their Monthly Salary plus:
>
> If total monthly sales are less than $10,000.00, the account manager will earn zero sales commission.
>
> If total monthly sales are over $10,000.00, the Account Manager will earn 10% on all sales over $10,000.00.

*See* **Exhibit A.**

32. Beginning in June 2023, Defendant failed to pay Plaintiff all wages owed to Plaintiff by failing to pay her all her earned commissions.

33. Defendant failed to pay Plaintiff her earned commissions on all her sales over $10,000.00.

34. Defendant owes Plaintiff approximately $18,000 in earned, unpaid commissions.

35. Plaintiff's commissions constitute "wages" under Florida common law.

### *FLSA Retaliation*

36. As early as June 10, 2023, Plaintiff alerted Defendant that she was not being paid in accordance with her Sales Compensation Plan.

37. Between June 2023 and May 2024, almost the entire duration of Plaintiff's employment, Defendant failed to pay Plaintiff in accordance with her Sales Compensation Plan. Plaintiff repeatedly reported this to Defendant; however, Defendant never compensated Plaintiff properly.

38. On or around May 2, 2024, Plaintiff complained again, this time directly to the President of Defendant, about not being paid her earned commissions and for failing to pay her properly, including failing to pay her overtime.

39. Less than two weeks after Plaintiff complained to Defendant's President about unpaid overtime, Defendant terminated Plaintiff's employment on May 15, 2024, alleging that she breached her Non-Competition, Non-Solicitation and Confidentiality Agreement with Defendant.

40. Defendant then continued to retaliate against Plaintiff by filing a lawsuit against Plaintiff claiming that she breached her Non-Competition, Non-Solicitation and Confidentiality Agreement.

41. Defendant retaliated against Plaintiff for complaining about and protesting Defendant's unlawful pay practices, including failure to pay overtime.

## COUNT I - FLSA OVERTIME VIOLATION

42. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

43. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not properly compensated for all of these hours under the FLSA.

44. Defendant failed to compensate Plaintiff for all the overtime hours that Plaintiff worked.

45. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff is entitled to an amount equal to her unpaid overtime wages as liquidated damages.

46. All the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a result of the foregoing, Plaintiff has suffered damages and was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An equal amount to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and granting Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA RETALIATION**

48. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 and 36 through 41 of this Complaint as though fully set forth herein.

49. By complaining about and protesting Defendant's unlawful pay practices, Plaintiff engaged in protected activity under the FLSA.

50. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    (d)    Compensation for lost wages, benefits, and other remuneration;

    (e)    Compensatory damages, including emotional distress, allowable at law; and

    (f)    For such further relief as this Court deems just and equitable.

## COUNT III – BREACH OF CONTRACT

53. Plaintiffs realleges and readopts the allegations of paragraphs 1 through 8, 17, 28 through 35, and 39 of this Complaint as though fully set forth herein.

54. Beginning on or about May 22, 2023, when Plaintiff began her employment with Defendant, Defendant was contractually bound to pay Plaintiff her earned commissions to avoid a breach of contract.

55. Defendant did not pay Plaintiff all of her earned commissions that were required under the contractual agreement executed by Plaintiff and Defendant.

56. Defendant's failure to pay Plaintiff her earned commissions constitutes a material breach of contract.

57. As a result of Defendant's breaches, Plaintiff suffered damages that were foreseeable at the time that the parties entered into the Sales Compensation Plan, including but not limited to lost wages and benefits that Plaintiff would have earned under the Sales Compensation Plan.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    That this Court award Plaintiff damages for breach of contract;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e)    For such further relief as this Court deems just.

## COUNT IV – UNPAID WAGES UNDER FLORIDA COMMON LAW

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 1 through 8, 17, 28 through 35, and 39 of this Complaint as though fully set forth herein.

59. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for her services.

60. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's earned commissions.

61. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of September, 2024.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
**ASHWIN R. TREHAN**
Florida Bar Number: 42675
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-774-3391
Facsimile No.: 813-229-8712
Email: atrehan@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**